IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LYNN D. SPENCER and CARMEN A. SPENCER,<br><br>  Plaintiffs,<br><br>vs.<br><br>JAMES H. CLARK, INC., a Utah corporation,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE<br><br><br><br>Case No. 2:04-CV-698 TS |

This matter is before the Court for consideration of Magistrate Judge Wells' Report and Recommendation that this case be dismissed as a sanction for Plaintiffs' failure to comply with an order requiring that they pay attorney fees awarded in a discovery dispute.

The Court referred Defendant's Motion to Dismiss to the Magistrate Judge for a Report and Recommendation.[1]  Plaintiffs have not filed a timely objection to that Report and Recommendation.  Accordingly, this Court applies the clearly erroneous standard rather than the *de novo* standard of review.[2]

---

[1] *See* 28 U.S.C. § 636(b)(1)(B).

[2] *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1464 (10th Cir. 1988).

The Court has considered the entire record in this case and finds the Magistrate Judge's Report and Recommendation is fully supported by the record and is not clearly erroneous.

Considering the nonexhaustive list of *Ehrenhaus*[3] factors on whether this Court should exercise its discretion in determining that dismissal is an appropriate sanction the Court finds that Plaintiffs' failure to comply with pretrial orders prejudices Defendant's ability to prepare its defense and interferes substantially with the judicial process. It is not possible for cases to proceed to resolution on the merits if one party refuses to participate in the discovery process. In considering the culpability of the Plaintiffs, the Court notes that they initiated this case and then refused to comply with their responsibilities in discovery or to comply with the Magistrate Judge's order that they do so. In the absence of any evidence that they could not comply, the Court finds this behavior is culpable. The Magistrate Judge's August 2, 2005 Order Granting Defendant's Motion to Compel unambiguously warned Plaintiffs in advance that the failure to comply would result in a recommendation of dismissal as a likely sanction for noncompliance. Finally, where Plaintiffs still have not complied with the discovery order and did not respond to the Motion to Dismiss, the Court finds that a lesser sanction would not be effective. The Court finds and concludes that the severe sanction of dismissal is appropriate in this case.

It is therefore

ORDERED that the Magistrate Judge's September 12, 2005 Report and Recommendation is ADOPTED IN FULL. It is further

---

[3] *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992).

ORDERED that Defendant's Motion to Dismiss is GRANTED and this case is DISMISSED WITH PREJUDICE.

DATED October 3, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge